UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

ANDRE LAMONT STITT,

    Petitioner,

V.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil No. 6: 19-172-KKC

**OPINION & ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Andre Suitt is an inmate confined at the federal penitentiary in Pine Knot, Kentucky. Suitt has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court now conducts the initial review of the petition required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In June 2012, in exchange for the dismissal of charges for carjacking and using a firearm during the commission of a crime of violence, Suitt pleaded guilty in North Carolina to possessing cocaine hydrochloride with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), carrying and using a pistol during and in relation to his drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i), and being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g). Suitt's convictions and resulting 180-month sentence have withstood both direct appeal and two rounds of collateral attack. *United States v. Suitt*, No. 1: 12-CR-29-CCE-1 (M.D.N.C. 2012).

In his two-page petition, Suitt asks the Court to vacate his § 924(c) conviction, but the grounds for that request are unclear. Suitt states that he is "actually innocent" of the crime, and claims that he did not receive adequate notice of the offense, his guilty plea was involuntary, and judgment was entered against him without due process of law. [R. 1-1 at 1] But apart from these labels, Suitt offers neither fact nor argument to support those claims. Suitt also states that he was convicted of both carrying and using a firearm under § 924(c) (citing without explanation *Bailey v. United States*, 516 U.S. 137 (1995)), but asserts that there was insufficient evidence to support the conviction. [R. 1-1 at 2]

The Court must deny the petition for a number of reasons. First, most of Suitt's contentions are set forth only in the most conclusory terms, unaccompanied by either relevant facts or pertinent argument. These claims fail to satisfy the minimum requirements to adequately plead a claim for relief in a habeas proceeding. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions). As Suitt has previously been advised by the sentencing court:

> It is not the responsibility of the Court to do the legal research needed to support or rebut a perfunctory argument. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that the district court is not expected to assume the role of advocate for a pro se litigant); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating district courts "cannot be expected to construct full blown claims from sentence fragments" in pro se complaints.

[R. 55 therein at 5] The petition is subject to dismissal on that ground alone.

Suitt's claim challenging the sufficiency of the evidence – in which he notes that arresting officers found the firearm near his cell phone rather than on his person – is also misplaced. Suitt could have proceeded to trial to test the sufficiency of the government's evidence, but he chose to plead guilty instead. And by doing so, he gave up his right to challenge the government's case. *United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); see also *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

Finally, Suitt's claims are ordinary claims of trial error that could and must have been pursued on direct appeal or by initial motion under § 2255, and thus do not fall within the scope of § 2241. Cf. *Holcomb v. Tamez,* 464 F. App'x 343, 344 (5th Cir. 2012) (holding claim that guilty plea was not knowing and voluntary is not cognizable under § 2241); *Tyson v. Jeffers*, 115 F. App'x 34, 36 (10th Cir. 2004) (same); *Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003) (holding that challenge to sufficiency of evidence to support conspiracy conviction could be raised on appeal and by motion under § 2255, rendering relief under Section 2241 unavailable); *Posival v. Driver*, 207 F. App'x 365, 366 (5th Cir. 2006) (holding that claim of ineffective assistance of counsel and challenge to sufficiency of evidence to support sentencing enhancement should be raised in a Section 2255 motion, and may not be pursued under the savings clause). The Court must therefore deny the petition.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DENIES** Suitt's petition for a writ of habeas corpus [R. 1].
2. The Court **STRIKES** this action from the active docket.

Entered: September 4, 2019.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY